IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY J. SAID, Sr.

       Plaintiff,                      No. 2: 13-cv-0231 JAM JFM (PS)

    vs.

TEHAMA COUNTY, et al.,

       Defendants.              ORDER

_____/

       On February 6, 2013, plaintiff proceeding *pro se* filed a complaint and a motion to proceed in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2), the court is obligated to deny the motion to proceed in forma pauperis if the allegation of poverty is untrue or the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune.

       All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

       To prevail on a motion to proceed IFP, a plaintiff need not demonstrate that he is completely destitute but must show that, because of his poverty, he cannot pay the filing fee and

1

1  still provide his dependents with the necessities of life.  See Adkins v. E.I. DuPont de Nemours
2  & Co., 335 U.S. 331, 339-40 (1948).  A "'showing of something more than mere hardship must
3  be made.'"  Nastrom v. New Century Mortg. Corp., Civ. No. 11-1998, 2011 WL 7031499, at *1
4  (E.D. Cal. Dec. 7, 2011) (quoting Martin v. Gulf States Utilities Co., 221 F. Supp. 757, 759
5  (W.D. La. 1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan. 12,
6  2012).

7  　　　　　The information set forth in plaintiff's IFP application does not demonstrate his
8  inability to pay.  The application indicates that plaintiff's gross monthly wages are $3,300 per
9  month and his take home pay or wages is $2,345 per month.  Plaintiff does not indicate what his
10 monthly expenses are but simply says that he has a "Ch 13 on file."  This is insufficient to show
11 that plaintiff does not have the ability to pay the applicable filing fee.  Thus, the motion to
12 proceed IFP will be denied.  However, in light of plaintiff's failure to include his monthly
13 expenses in his IFP application, his motion to proceed IFP will be denied without prejudice.

14 　　　　　Additionally, the federal IFP statute authorizes federal courts to dismiss a case if
15 the action is legally "frivolous or malicious," fails to state a claim upon which relief may be
16 granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28
17 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or
18 in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
19 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as legally frivolous where it
20 is based on an indisputably meritless legal theory or where the factual contentions are clearly
21 baseless.  See Neitzke, 490 U.S. at 327.

22 　　　　　In order to avoid dismissal for failure to state a claim a complaint must contain
23 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
24 of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
25 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
26 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

upon which the court can grant relief has facial plausibility. See Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. See id.

The complaint is three pages in length and in the caption lists Tehama County, Sacramento County, Dorothy L. Said (Bessy) and John J. Garaventa as the named defendants. The complaint states as follows:

> This court has jurisdiction over the subject matter. The plaintiffs constitutional rights has been deprived, violated, creating to [sic] judgments over the same cause of action. In that the plaintiff is being punished, denied his property, this liberty and freedom from being tried twice for the same cause of action.
> 1983. Civil Action for Deprivation of Right
> The plaintiff alleges that he has been tried twice for the same cause of action creating two judgments. The first judgment is in the jurisdiction of Sacramento County. And the second judgment is in the jurisdiction of Tehama County. Both judgments are related to the same cause of action. And that all defendants conspired to defraud with perjury, by trying the plaintiff twice over the same cause of action and now creating two judgments. All defendants have denied the rights, privileges, or immunities secured by the Constitution and the laws.
>
> 42 U.S.C. 1985
> Conspiracy to Interfere with Civil Rights
> [A]ll defendants in full force and effect conspired to deprive the

3

> plaintiff's rights under the Fifth Amendment, the eighth amendment, the 14th amendment rights of the United States Constitution. By conspiring to destroy or loss, stealing and concealing judgments. The county records office have a duty to secure court files and court documents.

(Dkt. No. 1 at p. 1-2.)

The complaint does not allege in any specific terms how each of the four named defendants is involved. Furthermore, the complaint does not show an affirmative link between any defendant's actions and the claimed deprivation, nor does it allege overt acts of the defendants.

Besides mentioning Dorothy L. Said (Bessy) and John J. Garaventa in the caption, the complaint is silent as to any specific overt act of these two defendants. Furthermore, besides mentioning that Tehama County and Sacramento County were where two judgments occurred, plaintiff fails to indicate how these two entities, being liberally construed as being sued as municipalities, are liable to plaintiff for a civil rights violation. While plaintiff alludes to two judgments, he does not indicate what these judgments were and the complaint fails to put defendants on notice about any potential civil rights claim plaintiff may have specifically against these four defendants. Thus, plaintiff fails to allege with any degree of particularity overt acts of how the four defendants violated plaintiff's civil rights.

Finally, to the extent that plaintiff's allegation that the defendants conspired to defraud him with perjury constitutes an "overt act," the allegation amounts to only a threadbare recital of the element of a possible cause of action and is only supported by a mere conclusory statement. This is insufficient to state a claim. See Iqbal, 556 U.S. at 678. Therefore, plaintiff's complaint fails to state a claim upon which relief can be granted and his complaint will be dismissed. However, plaintiff shall be given leave to file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (Dkt. No. 2.) is denied without prejudice. Plaintiff shall either: (1) file a new motion to proceed in forma pauperis; or (2) pay

4

the filing fee within (30) days of the date of this order. Failure to do either may result in a recommendation that this action be dismissed;

   2. Plaintiff's complaint is dismissed; and

   3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment;

    b. An original and one copy of the amended complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in a recommended dismissal of this action.

DATED: March 28, 2013.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

14
said0231.denifp

1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9  JERRY J. SAID, Sr.,
            Plaintiff,                    No. 2: 13-cv-0231 JAM JFM (PS)
10     vs.
   TEHAMA COUNTY, et al.,
11
            Defendants.                   NOTICE OF AMENDMENT
12  _____/

13       Plaintiff hereby submits the following document in compliance with the court's

14  order filed _____:
                  _____      Amended Complaint
15  DATED:

16

17                                        _____
18                                        Plaintiff

19
20
21
22
23
24
25
26